MAYOR AND CITY COUNCIL OF NASHVILLE *v.* AMELIA
A. COWAN and M. M. BRIEN.

TAX SALE. *Land subject to. Liens for previous taxes.* Under the system
of revenue laws of this State, a purchaser of land at a tax sale ac-
quires only the interest of the owner of the land in whose name
the land is, or ought to have been assessed, subject to other then
existing statutory liens for taxes previously assessed.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A.
G. MERRITT, Ch.

J. RUHM and W. K. MCALLISTER, JR., for com-
plainants.

M. M. BRIEN for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed in April, 1881, to enforce the lien of
the city of Nashville on lot No. 179 on Front Street
for taxes. The taxes claimed are for the years 1863
to 1880 inclusive, except for the year 1877. The lot
belonged originally to John R. Cowan. On his death,
in 1872, it became the property of his widow, the
defendant, Amelia A. Cowan. The bill was filed
against her alone, but afterwards, upon application of
the complainant, was amended by making M. M. Brien
a defendant, with the allegation that he had an interest
14—VOL. 10.

in the property. The bill was taken for confessed against Amelia A. Cowan. Brien answered, stating that he knew little, if anything, of most of the charges in the bill, but that he owned and was in possession of lot No. 179, having bought it on the first Monday of July, 1878, at a sale thereof for the taxes of 1877. The lot, he admits, was originally owned by John R. Cowan, and, upon his death, descended to his widow, Amelia A. Cowan, as whose property it was assessed for taxes in 1877, and sold in 1878. A certified copy of the report of sale as spread on the minutes of the circuit court, and the judgment or order of the court thereon, is filed in evidence. The chancellor found that the taxes claimed were due, and ordered the lot to be sold in satisfaction thereof, with interest and costs. Brien appealed.

The validity of the tax sale under which Brien claims is not contested. In this view, the contention of Brien is that the sale for the taxes of 1877 extinguished the lien for the taxes for previous years, and conferred upon him as purchaser a good title free from all prior liens. The sale, at which he bought the lot, was for all the taxes, State, county and city, for the year 1877, amounting to $17.40, and he bid that sum. And he insists that it would be a fraud upon him after such a sale for either the State, county or city to undertake to sell the same property for other taxes.

The question of fraud can scarcely cut any figure in the case, inasmuch as the sale, under which the appellant bought, did not purport to be for any taxes

except those of the year 1877, and the consideration paid was only the amount of those taxes, not the value of the lot. The real question is whether such a sale, under our system of revenue laws, gives the purchaser a title free from all prior liens, or only vests him with the interest of the owner of the property subject to such liens.

By the old statutes, brought forward into the Code, sections 554, 555, the assessed taxes, and the costs of reporting land for sale for taxes shall be and remain a lien upon all lands and other real estate, and upon all other taxable property of the individual who is returned for the same, when they shall become due and payable according to law; which lien shall extend to each and every part of all tracts or lots of land, and to every species of taxable property, notwithstanding any division or alienation thereof. These provisions are substantially repeated in subsequent legislation in regard to the public revenue: Act of 1873, 118, 26. In the act of 1875, 81, 9, which however, may have been repealed by the act of 1877, 73, 11, it was more specifically provided that: "Until all the taxes upon any real estate are paid, there shall be a lien for the same, first to the State, second to the county, third to the city, fourth to the railroad, enforceable as other liens." A lien on land for the taxes assessed thereon has been the uniform course of legislation in this State, the lien continuing from year to year, though the title may have passed from one person to another: Swan v. Mayor, 11 Hum., 130. It has also been the uniform rule to require the tax collector to give notice

of the time and place, when and where he would receive the taxes which have become due, and, if the taxes are not then paid, to levy the same by distraining and selling the delinquent's goods and chattels: Code, secs. 607, 608; 1873, 118, 51, 52. It is only when there are no goods and chattels that the collector has been and is authorized to proceed against the realty, the absence of personalty out of which to make the taxes being a pre-requisite to the exercise of the jurisdiction to sell the land: Code, sec. 612; Act of 1873, 118, 52; *Travis* v. *Washburn,* 5 Hayw., 293; *Hamilton* v. *Burum,* 3 Yer., 359; *Anderson* v. *Patton,* 1 Hum., 369. And the collector must make affidavit to his report that he has made diligent search on the premises of the owner of the land for goods and chattels to distrain for the taxes and has found none: Code, 612; Act of 1877, 87, 1 and 2. Only so much of the debtor's property can be sold as will pay the taxes, penalty and costs: Code, secs. 614; 1873, 118, 63. And the later acts provide that he shall be the purchaser who will pay the amount due for the least quantity of the land, to be run off from the beginning corner, and running with at least one line of the tract: Act of 1873, 118, 65. Time has also been allowed the owner within which to redeem the land: Code, sec. 638; Act of 1873, 118, 71; Act of 1875, 80, 2.

The effect of this legislation is to make the tax on land a personal debt of the owner, for the payment of which his personal property is primarily liable, and the land only a security, by virtue of the statu-

tory lien, for the ultimate satisfaction of the tax. Accordingly, it has been held that a tax on land, when imposed, becomes a debt of the tax-payer, for which a suit may be brought as upon any other debt: *Mayor* v. *McKee*, 2 Yer., 167; *Rutledge* v. *Fogg*, 3 Cold., 568. And a bill in chancery may be filed to enforce the statutory lien: *State* v. *Duncan*, 3 Lea, 679. A purchaser of land, at a judicial sale, who is afterwards compelled to pay taxes which were a lien upon the property at the date of his purchase, may be, upon payment of the tax by him, subrogated to the right of the State, county or municipal corporation in the debt created by the tax, and sue the original owner of the land therefor: *Childress* v. *Vance*, 1 Baxt., 406; *Staunton* v. *Harris*, 9 Heis., 579. And the title of such a purchaser will be good notwithstanding a sale, or sales of the land for taxes and the bidding in thereof by the State, county, or municipality, if the sales are treated merely as a means of securing the taxes: *Kirk* v. *Jones*, 8 Heis., 829.

The effect of our statutes and decisions is to make the tax on land a debt of the owner of the land, secured by a statutory lien on the land, the debt and lien being treated as other 'debts and liens. A sale under one lien does not affect a prior lien on the property, the purchaser taking subject to such lien: *Mims* v. *Mims*, 1 Hum., 425; *Rowan* v. *Mercer*, 10 Hum., 359. The purchaser, moreover, would take only such interest as the tax-payer may have, without prejudice to the rights of other parties, such as remaindermen, mortgagees or other encumbrancers: *Hop-*

*per* v. *Malleson*, 1 C. E. Green, 382; *Tender* v. *Whee-ler*, 9 Tex., 408; *Dyer* v. *Branch Bank*, 14 Ala., 622; *Dunn* v. *Winston*, 31 Miss., 135. It follows logically that a sale of land for the taxes of one year would not affect the lien reserved for the taxes of other years: *Cowell* v. *Washburn*, 22 Cal., 519; *Shoemaker* v. *Lacy*, 38 Iowa, 277; Cooley on Torts, p. 353.

Undoubtedly, it is within the competency of the Legislature to declare that the lien for taxes shall take precedence of all other liens or claims, and that a sale thereunder should extinguish all other rights. "In those States," says Mr. Blackwell, "where the tax is a charge upon the land alone, where no resort, in any event, is contemplated against the owner or his personal estate, and where the proceeding is strictly *in rem*, the tax deed will have the effect to destroy all prior interests in the estate, whether vested or contingent, executed or executory, and those in possession, reversion and remainder. In such case, the tax law itself is notice to the whole world of the liability of the land for all public assessments, and every one claiming an interest in the land is bound at his peril to pay the tax, and thus protect that interest from forfeiture and sale. If he neglects his duty in this respect, his title becomes extinct, and a new and independent title becomes vested in the purchaser, freed from all prior liens, and indeed of every interest carved out of the old fee. On the other hand, where the law requires the land to be listed in the name of the owner of the fee or of any other interest in the estate, provides for a personal demand of the tax, and

City of Nashville *v.* Cowan and Brien.

in case of default authorizes the seizure 'of the body or goods of the delinquent in satisfaction of the tax, and, in terms or upon a fair construction of the law, permits a sale of the land only when all other remedies have been exhausted, then the sale and conveyance by the officer passes only the interest of him in whose name it was listed, upon whom the demand was made, who had notice of the proceedings, and who alone can be regarded as legally delinquent. In such cases the title is a derivative one, and the tax purchaser can recover only such interest as he may prove to have been vested in the defaulter at the time of the assessment. Any other construction of laws containing such provisions would be in violation of the spirit which moved the · Legislature to enact them, and be the means of depriving innocent persons of their estates, persons who had no notice of the proceedings, and who, in consequence of this omission, can in no sense be regarded as delinquent ": Blackwell on Tax Titles, 548.

It is obvious from the foregoing statement of our statutes and decisions, that this State has ranged itself with those States whose legislation has been framed to give the purchaser at tax sale only a derivative title. He takes the interest of the "owner" of the land in whose name the land is, or ought to be assessed, subject to then existing rights and liens, even if the liens be for the payment of other taxes. The purchaser, in view of the consideration paid, which can never exceed the taxes, penalties and costs, will rarely ever be able to complain of the burden of his bargain.

The chancellor's decree must, therefore, be affirmed with costs.