JOHN BERGLUND v. E. GRACE GRAVES and Others.

May 2, 1898.

Nos. 11,010—(182).

**Tax Sale—Purchase by State—Judgment for Taxes in Subsequent Years—Lien—State Assignment Certificate.**

After the state has, at a tax sale, bid in the land for the taxes of one year, it is not obliged to obtain a tax judgment, and sell the land for the delinquent taxes of each subsequent year. Whether it may do so, quære. In any event, its lien for such subsequent taxes does not lapse by reason of the failure to do so. And, several years after such subsequent taxes became delinquent, the state may, by a state assignment, transfer to a private person its lien for the same, together with its claim under the tax sale at which it bid in the land.

**Same—G. S. 1894, §§ 1600, 1601—Assignee—Interest on Subsequent Taxes—Redemption.**

Construing together sections 1600 and 1601, G. S. 1894, held, a person obtaining a state assignment of lands bid in by the state at a tax sale must pay interest on subsequent delinquent taxes from the time they became delinquent; and the owner who redeems thereafter must pay interest from the date of the assignment on this interest, as well as on all other sums which the assignee was legally required to pay.

**Same—Notice of Expiration of Redemption—"Graves & Van Brunt" —Void Service of Notice.**

The notice of expiration of redemption was issued to "Graves & Van Brunt," these being the names of the persons to whom the land was assessed appearing in the assessment book. The owners of the land were E. Grace Graves and Mary A. Van Brunt. The notice was served on Charles H. Graves and Walter Van Brunt, who had been partners, under the name of "C. H. Graves & Co." Held, the service is void.

Appeal by plaintiff from a judgment of the district court for St.

Louis county, in favor of defendant E. Grace Graves, entered in pursuance of the findings and order of Ensign, J. Modified.

Wm. B. Phelps and John Jenswold, Jr., for appellant.

M. Douglas and Teare & Middlecoff, for respondent.

CANTY, J.

Plaintiff, claiming to be the owner of the land in question, brought this action to determine adverse claims to the same. His claim of ownership is based on certain tax proceedings. Defendants claim under the patent title. On the trial the court found for defendant E. Grace Graves. From a judgment entered in favor of said defendant, plaintiff appeals.

1. The taxes for the year 1892 remaining unpaid and being delinquent, a tax judgment was entered for the same on March 21, 1894, for the sum of $271.51. The land was sold on this judgment at the tax sale held on the first Monday in May, 1894, bid in by the state, and no redemption was ever made from the sale. The taxes for the year 1893 were never paid, and no steps were ever taken to obtain a tax judgment for the same, or to sell the land on any such judgment. On January 30, 1897, plaintiff paid into the county treasury the sum of $724.05, being the amount for which said land was bid in at said tax sale and interest thereon, together with the amount of all subsequent delinquent taxes and penalties thereon and certain items of interest on said delinquent taxes. Thereupon the auditor made to plaintiff a state assignment certificate of the land, in the form prescribed by statute.[1] The court below held that, in order to include the taxes of 1893 in this assignment, the county officials should have obtained a tax judgment for these taxes, and sold the land at tax sale under that judgment, and that, because the taxes of 1893 were included in the state assignment to plaintiff, that assignment was absolutely void, and judgment was ordered adjudging that he had no lien on the land.

Respondent contends that, when land is bid in by the state for the taxes of one year, the statute requires that judgment shall be entered for the taxes of every subsequent year, and the land sold for such taxes in the same manner as if it had never been bid in

[1] G. S. 1894, § 1601.

by the state. Counsel cite G. S. 1894, § 1579, which provides that the list filed in the clerk's office as a complaint on which to obtain judgment "shall contain a description of each piece or parcel of land on which such taxes shall be so delinquent." No exception is expressly made of lands which had been bid in by the state.

On the other hand, appellant suggests that a subsequent sale for subsequent taxes is paramount to a prior sale for prior taxes; that, if the proper interpretation of the statute is as respondent contends, a private individual purchasing at such a subsequent tax sale would, when the time to redeem from that sale expired, if there were no redemption, take a title which would cut out the claims of the state on the prior sale at which it bid in the land. Whether or not, after the state has bid in the land for the taxes of one year, it may obtain judgment, and sell the same land for the taxes of each subsequent year, we shall not now decide. We are of the opinion that, in any event, it is not obliged to do so, under the statute. G. S. 1894, § 1600, provides:

"The taxes for subsequent years shall be levied on property so sold or bid in for the state, in the same manner as though the sale had not been made; and if the purchaser or assignee of the state shall pay such taxes, the amount thereof, with interest from the date of payment after they shall have become delinquent, at the same rate as is provided upon the amount bid on the sale, shall be added to and be a part of the money necessary to be paid for redemption from sale."

Even if a judgment should have been entered for the taxes of 1893, and the land sold thereon at a tax sale, the lien of the state did not lapse by reason of the failure to do so; and we are of the opinion that, under this section, the claim of the state for these taxes should be included in the state assignment with the claim of the state under the tax sale at which it bid in the land, and that, if the assignment was otherwise valid, it transferred to plaintiff the lien of the state for the taxes of 1893.

2. The court found that included in said $724.05, which plaintiff so paid into the county treasury, was interest on said taxes of 1893, since the same became delinquent. It is contended by respondent that the county treasurer was not entitled to receive

from plaintiff, on said assignment, any interest on these taxes; that the owner was entitled to redeem at any time after the assignment to plaintiff, without paying any interest on these taxes except interest from the date of the assignment; and that, therefore, the amount so paid the county treasurer and the amounts stated in the notice of expiration of redemption were too large, and said assignment and notice were both void. The trial court so held.

In order to determine whether interest should be charged on such subsequent taxes from the time they became delinquent, or only from the time they are transferred by the state assignment, we must construe said section 1600 with section 1601, which, so far as here material, reads as follows:

"At any time after any piece or parcel of land shall have been bid in for the state, and before such piece or parcel of land shall have become forfeited to the state, and while such tract or parcel of land shall remain unredeemed, the county auditor shall assign and convey the same, and all the right of the state in any such piece or parcel of land acquired at such sale, to any person * * * who shall pay the amount for which the same shall have been bid in, with interest, and the amount of all subsequent delinquent taxes, penalties, costs and interest upon the same."

It will be observed that section 1600 provides that, "if the purchaser or assignee of the state shall pay such [subsequent] taxes, the amount thereof, with interest from the date of payment after they shall have become delinquent * * * shall be added to and be a part of the money necessary to be paid for redemption," while section 1601 requires the person receiving the state assignment to pay "all subsequent delinquent taxes * * * and interest upon the same," which clearly means interest from the time the taxes became delinquent.

There is therefore an apparent repugnancy between these two sections, and it is the duty of the court to reconcile them if that can be done by any reasonable construction. In the natural order of things, section 1601 should be read before section 1600. By referring first to section 1601, we ascertain the amount which the assignee of the state must pay in order to receive the assignment, which amount includes interest on such subsequent taxes from the time they became delinquent; and, by then referring to section

1600, we can understand that the legislature intended to provide that the person redeeming should pay this amount, with interest thereon from the date of payment by such assignee; that, in computing the amount which the redemptioner should pay, a rest should be taken at the date of the assignment, and interest charged thereafter on all interest accruing prior to that date. While section 1600 is somewhat awkwardly worded, this, in our opinion, is what it means. It follows that the trial court erred in holding void the assignment to plaintiff.

3. On June 17, 1897, said notice of the time of expiration of redemption was issued to "Graves & Van Brunt," these being the names of the persons to whom the land was then assessed, as they appeared in the assessment books. From 1887 to 1895 the land was owned by E. Grace Graves and Mary A. Van Brunt, and in 1895 the latter conveyed her interest to the former. Said notice of expiration was never served on either of these, but was served by the sheriff on Charles H. Graves and Walter Van Brunt, who, for several years prior to 1894, were partners in the real-estate business, and residents of Duluth, where the land here in question is situated, and where they carried on said business under the name and style of "C. H. Graves & Co." It does not appear that any such firm as "Graves & Van Brunt" existed or was known. From all of these circumstances, it must be inferred that the term "Graves & Van Brunt," as used in the assessment book, was intended to designate the true owners of the land, E. Grace Graves and Mary A. Van Brunt, though omitting their Christian names. Whether the persons to whom the land was assessed were properly designated in the assessment books, it is not necessary to consider. In any event, the service on Charles H. Graves and Walter Van Brunt was void and of no effect, and there never was any service of the notice. We are therefore of the opinion that the state assignment to plaintiff is valid, but that the notice of expiration of redemption has never been served, and the time to redeem has not yet expired.

The case should be remanded, with directions to the court below to modify the judgment in accordance with this opinion. So ordered.