MARCELLUS L. COUNTRYMAN v. GEORGE A. WASSON.

December 4, 1899.

Nos. 11,833—(114).

### Entry of Tax Judgment—G. S. 1894, § 1585.

The provision of G. S. 1894, § 1585, that a tax judgment shall be entered wholly upon the left-hand page of the judgment book, is merely directory, and noncompliance with it does not affect the validity of the judgment.

**Notice of Expiration of Redemption.**

> A finding of the court considered, and *held* to constitute a finding of a valid notice of expiration of the time for redemption of land from a tax sale.

**Tax Sale—Lien of State for Prior Taxes.**

> Where land has been bid in for the state at a tax sale, and has not been redeemed, or the interest of the state assigned, the state may obtain a tax judgment and sell the land for the taxes for subsequent years; and under such circumstances the sale will not extinguish the lien of the state for the prior taxes for which it was bid in.

Action in the district court for Traverse county by plaintiff as receiver of Frederick T. Day, insolvent, to determine adverse claims. The case was tried before C. L. Brown, J., who found in favor of defendant; and from a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*F. W. Murphy* and *S. & O. Kipp*, for appellant.

If the interpretation of the statute is as defendant contends, the purchaser at a subsequent tax sale without redemption would take a title which would cut out the claims of the state on a prior sale at which it had bid in the land. Berglund v. Graves, 72 Minn. 148. That this is the rule, and that it applies as well to prior tax liens held by the state as to those held by individuals, where there is no statute to the contrary, is settled. 25 Am. & Eng. Enc. 277; Irwin v. Trego, 22 Pa. St. 368, 375; Lessee of Buckley v. Osburn, 8 Ohio, 181; Dougherty v. Henarie, 47 Cal. 9; Brewer v. District of Columbia, 5 Mackey (D. C.) 274, 280; Burrell, Taxn. 347, 348; 2 Desty, Taxn. 849. See Opinions Atty. Gen. 350, 534.

*A. S. Crossfield* and *S. A. Flaherty*, for respondent.

MITCHELL, J.[1]

Action to determine adverse claims to real estate.

The plaintiff holds the patent title, and is the owner of the land, unless his title has been extinguished by the tax titles under which the defendant claims. The defendant holds and claims under three tax titles, to wit: (1) An absolute tax deed from the state, dated

[1] BROWN, J., having tried the case in the court below, took no part.

July 8, 1895, of the land as forfeited for the taxes of 1890, for which it was bid in for the state at the annual tax sale in May, 1892; (2) a tax certificate to an actual purchaser for taxes of 1891 at the annual tax sale in May, 1893; (3) a tax assignment certificate dated May, 1894, the land having been bid in for the state at the annual tax sale that year for the taxes of 1892. It was upon the last of these tax titles that the trial court held in favor of the defendant, and, if this title is valid, it will be unnecessary to consider the other two.

1. The plaintiff claims that the tax judgment was invalid because it was entered upon both the right and left hand pages of the judgment book, and was not entered wholly upon the left-hand page, as required by G. S. 1894, § 1585. This provision was not intended for the protection of taxpayers, but merely to promote an orderly and convenient style of keeping tax-judgment books, so that there might be ample room on the right-hand pages for making subsequent entries. It is therefore not mandatory, but merely directory, and noncompliance with it does not render the judgment invalid.

2. The finding of the court as to the notice of the expiration of the time of redemption is that the county auditor issued a notice which duly recited said tax judgment and sale, and said assignments from the state to said Scheifley [defendant's grantor], and duly stated the amount required to redeem said land [describing it] from said assignment sale from the state to said Scheifley, exclusive of costs to accrue upon said notice, and when the time of such redemption would expire, and that said notice complied in all respects with the provisions and requirements of law with respect to notices of expiration of redemption from tax sales.

It is urged that this notice, as thus found by the court, was insufficient because it did not specify either the amount for which it was bid in for the state, or the amount paid by Scheifley for the state assignment certificate. It is also urged that the general finding that the notice in all respects complied with the law is to be considered as a mere legal conclusion from the facts specifically found as to the contents of the notice. We do not think the rule invoked is applicable. It would perhaps have been better form

had the trial court either specifically found all the statements which the notice did contain, or merely found generally that the notice in all respects complied with the law. The latter would have been sufficient, at least in the absence of a request for a more specific finding. This general statement is made as an additional finding, and not as a legal conclusion from what preceded.

3. The principal and most important objection urged against these judgments and sales for the taxes of 1891 and 1892 is that where land has been bid in for the state, and has not been redeemed, and the state has not assigned or conveyed its interests, but still holds its lien upon the land, a judgment or sale of the land for subsequent taxes is unauthorized; that such taxes should be merely levied, and allowed to remain delinquent, to be collected as part of the amount which a redemptioner or purchaser from the state would have to pay. The statute (section 1600) merely provides that

"The taxes for subsequent years shall be levied on property so sold or bid in for the state, in the same manner as though the sale had not been made."

It nowhere in express terms either directs or prohibits a judgment and sale for such taxes while the land remains "bid in for the state" for a prior tax. Hence the question must be determined by a consideration of the general policy of our tax law, viewed in the. light of the practical results which would follow from the adoption of one or the other of the two proposed modes of procedure.

This court has held that under such circumstances the state is not obliged to obtain a tax judgment and sell the land in order to protect and enforce its lien for subsequent taxes; but the question whether it may do so was not decided. Berglund v. Graves, 72 Minn. 148, 75 N. W. 118. The usual practice in this state has been not only to levy subsequent taxes on land previously bid in for the state, but also to obtain judgment and sell the lands. To hold now that such sales are invalid would result in avoiding many titles. On the other hand, to hold that the state may make such sales would greatly aid it in enforcing payment of taxes. If, where land is bid in for the state, there can be no sale for subsequent taxes until the land is redeemed, or the state has assigned its interest, fre-

quently taxpayers, if they discovered that the sale at which the land was bid in for the state was invalid, would lie still for years, until perhaps part of the taxes were barred by the statute of limitations, whereas they would not venture to assume the risk of being able to prove all of a number of sales invalid.

The strongest point urged against the policy of permitting the state to make successive sales for subsequent taxes is that they would extinguish the lien of the state for the prior tax for which the land had been bid in. If this is so, it would undoubtedly be a strong reason for holding that the legislature never contemplated any sales under such circumstances. But we do not think a subsequent sale would have any such effect. Under our revenue law undoubtedly a sale for taxes extinguishes all prior titles, including tax titles, of every one except the state. It is frequently laid down in the authorities, without qualification, that the sale of land for delinquent taxes for one year destroys the lien of all unpaid taxes for previous years. But, when the facts in those cases are examined, it will be found, with practically no exception, that they are divisible into two classes, viz.: (1) Where there were two sales to actual purchasers, and the purchaser at the sale for the prior tax should have protected his purchase against subsequent taxes; (2) where the state should have sold the land for all delinquent taxes, but omitted some, and subsequently attempted to sell the land for the omitted tax. The present case does not fall within either class. There was no actual sale for the tax of 1890. After the land was bid in for the state, it had merely what it had before, to wit, a lien for the tax. The bidding in for the state was merely one of the steps convenient for the subsequent enforcement of this lien. When the state levied taxes for subsequent years, it was not taxing its own interest in the land, but merely the interest of the delinquent taxpayers, and when it sold the land for the tax that interest was all it sold. See Mayor v. Cowan, 10 Lea, 209, 78 Tenn. 209. For these reasons, we are of opinion that a sale for subsequent taxes under the state of facts existing in this case would not extinguish the lien of the state for prior taxes. Our conclusion is that the sale of this land in 1894 for the taxes of 1892 was valid.

This disposes of all the questions raised as to the validity of that sale, and it therefore becomes unnecessary to consider either of the others.

Judgment affirmed.

The following opinion was filed December 19, 1899:

MITCHELL, J.

The questions whether our statute authorizes a tax judgment and tax sale for a junior tax where the land has been bid in for the state for a senior tax, and the land has not been redeemed or the interest of the state assigned, and, if so, whether the sale for the junior tax will extinguish the lien of the state for the senior tax, are, in my judgment, so doubtful and so important (involving, as they do, the general policy of our revenue system), and were so briefly discussed by counsel, that I think further argument should be permitted. But, in accordance with the views of the court, the application for a reargument is hereby denied.