WILLIAM P. ALLEN v. COUNTY OF RAMSEY.[1]

June 22, 1906.

Nos. 14,581—(7).

**Collection of Taxes Refunded.**

Section 1610, G. S. 1894, to the effect that taxes refunded upon a void tax judgment shall be included in the next delinquent tax sale, is directory, not mandatory, and such delinquent taxes may be enforced by the state at any time within six years from the time of refundment.

Appeal by plaintiff from an order of the district court for Ramsey county, Olin B. Lewis, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Affirmed.

*William G. White,* for appellant.

*Thos. R. Kane* and *O. H. O'Neill,* for respondent.

LEWIS, J.

Action against the county commissioners to recover $341, with interest, claimed to have been paid under the following circumstances. Appellant, being desirous of recording a warranty deed conveying to him the premises in question, presented the same to the county auditor December 31, 1904, and requested him to indorse and stamp thereon his official statement that there were no taxes delinquent and unpaid against the property, and to enter the transfer upon the books of his office.

[1]Reported in 108 N. W. 301.

The request was refused unless appellant would pay certain taxes claimed to be due against the land for 1890, 1891, and 1892. Appellant thereupon, in order to secure the record of the deed, paid the taxes under protest, and this action was brought to recover the amount of taxes paid for 1890.

The taxes for 1890 were duly levied and assessed upon the premises in question and became delinquent. Judgment was rendered for the same April 21, 1892, pursuant to which judgment the county auditor, on May 4, 1892, sold the premises and certificates of sale were issued to the purchaser. Those certificates, through various assignments, became the property of Bessie Burns, who petitioned for a refundment of the taxes on the ground that the judgment was void. The petition was granted and the taxes refunded April 21, 1901, pursuant to section 1697, G. S. 1894. The taxes so refunded were never included with the taxes for the current year in the next delinquent sale, or in any subsequent delinquent sale thereafter held.

Appellant makes the following claims: (1) That the title of appellant is based upon the general tax sale for the taxes of 1893, and entirely bars and subordinates the tax lien for the year 1890. (2) That the provisions of section 1610, G. S. 1894, to the effect that the amount of the refunded tax "shall * * * be included * * * in the next delinquent tax sale," are mandatory and not directory, and that if the state fails to observe and follow the requirements of this section, its lien is lost. (3) That under the provisions of section 1610, the statute of limitations as to the 1890 tax began to run from the date of the original levy and assessment, and the state lost its lien by the operation of the statute.

1. In support of the first proposition, appellant relies upon the case of State v. Camp, 79 Minn. 343, 82 N. W. 645. That case did not involve prior taxes which had been refunded. Section 1610 was not considered and is not in point.

2. Section 1610, in part, reads: "Such proceedings shall not operate as a payment or cancellation of any tax included in the judgment or refundment, but the same shall stand as originally extended against the property, and with all accruing penalties, interest, and costs, be included with the taxes thereon for the current year in the next delinquent tax sale." Our view of this statute is that it was the intention to preserve

the state's lien for the amount of the tax originally extended against the property, without regard to the time already elapsed at the time of refundment. The statute of limitations did not commence to run until the time of refundment.

3. The requirement that the taxes should be included with the taxes for the current year in the next delinquent tax sale was directory only and not mandatory. This provision is not so direct and positive as to imply that the state's lien was to be lost unless complied with. It follows that appellant paid and extinguished a valid and existing tax lien when he paid up the 1890 taxes.

Order affirmed.