### HORACE B. GATES v. PATRICK KEIGHER and Others.[1]

July 27, 1906.

Nos. 14,841—(201).

**Tax Title—Subsequent Sale for Prior Tax.**

Where lands have been sold for taxes, and the purchaser thereafter perfects his title thereunder, the state cannot impeach such title by a resale of the land for taxes due and unpaid for prior years. State v. Camp, 79 Minn. 343, followed.

Proceedings in the district court for Ramsey county upon application of Horace B. Gates, to register the title to land. Defendant State of Minnesota answered setting up a tax lien upon the premises. The case was tried before Orr, J., who found in favor of the applicant. From a judgment entered pursuant to the findings, and from an order denying a motion for a new trial, defendant state appealed. Affirmed.

[1]Reported in 108 N. W. 860.

*Thomas R. Kane* and *O. H. O'Neill,* for appellant.
*William G. White,* for respondent.

LEWIS, J.

Application filed September 26, 1905, by Horace B. Gates to register title to lot 12, block 11, of Fairview addition to St. Paul, stating that the state of Minnesota claimed to hold a certain tax lien against the property. Summons was duly issued, and the state answered, setting up tax liens under the sale of 1898 for the taxes levied in 1896, and under the sale of May, 1905, for the taxes levied in 1903. Notice of expiration of redemption from the sale of 1898, under which the applicant claims title, was issued September 21, 1905, and proof of publication thereof was filed in the office of the county auditor November 10, 1905. Judgment was entered in the registration proceedings March 9, 1906, that the applicant was entitled to the relief prayed for and was owner of the premises in fee simple; also that none of the defendants, including the state, have any right, title, interest, or estate in or to the premises, or any lien whatsoever upon or against the same. All the other parties acquiesced in the judgment except the state, which upon appeal raises two questions: (1) That the applicant was not entitled to judgment for the reason that the period for redemption had not expired at the time of filing the application for registration. (2) Conceding that the applicant was entitled to register his title, the judgment therein did not operate to annul the lien of the state for the taxes of 1896.

As to the first point, we do not think the state is in position to insist upon it. The time for final redemption expired prior to the time of the entry of judgment in the registration proceedings, and, granting that the fee owner, Patrick Keigher, might have taken advantage of that fact, if he were not subject to the jurisdiction of the court at the time of entry of judgment, we are unable to see what advantage the state can take of such irregularity. The state does not claim to be the owner by virtue of its alleged prior tax lien, but asserts the same and demands that it be paid upon the theory of precedence. Whether the state has a prior lien depends upon the construction to be given the case of State v. Camp, 79 Minn. 343, 82 N. W. 645, where it was held that the holder of a state assignment certificate who perfects title

thereunder acquires thereby a title in fee simple to the lands covered thereby, free and clear of all prior liens or claims in favor of the state. In that case Mrs. Camp took an assignment from the state and perfected her title by causing the proper notice of expiration of redemption to be given, whereas in this case the applicant was the purchaser at the subsequent tax sale. In all other respects the cases are identical.

The principle established in State v. Camp was affirmed in State v. Kipp, 80 Minn. 119, 82 N. W. 1114. We are unable to discover any difference in principle between that case and the one now under consideration. There was no intention in that case to limit the application of the principle simply to those cases where an individual had acquired a certificate of assignment from the state. It is immaterial whether the title was acquired by assignment from the state or as an original purchaser at the tax sale. In the opinion in that case reference is made to sections 1582, 1593, and 1601, G. S. 1894, which provide that a tax judgment binds every estate, title, interest, claim, or lien in law or equity in or on such piece or parcel of land of every person, company, or corporation, and that the purchaser at a tax judgment sale, or one who has perfected the title under a state assignment certificate shall acquire thereby a title in fee simple. It will be noticed that it is the judgment itself which determines and defines the character of the lien, and whether the state enforces that judgment by a direct sale or by an assignment makes no possible difference in the nature of the lien itself. In each case the purchaser, or assignee, received what the judgment calls for, and for which the statute provides, viz., a fee-simple title to the land free from all liens whatsoever.

We are aware that the decision in State v. Camp was at first quite generally criticised and considered an innovation unwarranted by the statute, but that it has been misunderstood seems apparent from the repeated efforts made to have it reversed. Some confusion, no doubt, has arisen upon the subject from the fact that it had become the custom to sell premises for the delinquent taxes of subsequent years, notwithstanding the state had bought in the premises at a prior sale; no assignment having been made. Although the decision in Berglund v. Graves, 72 Minn. 148, 75 N. W. 118, specifically held that it was unnecessary under such circumstances to obtain judg-

ment and sell the land for the taxes delinquent for subsequent years, and that such subsequent delinquent taxes might be included when executing an assignment certificate, yet in Countryman v. Wasson, 78 Minn. 244, 80 N. W. 973, 81 N. W. 213, the right to sell for subsequent delinquent taxes was recognized, and it was held that such subsequent sale was valid and did not extinguish the state's prior lien. Under the custom thus sanctioned in Countryman v. Wasson, it was not easy to accept the decision that such a sale was not as effectual in all respects as when the land had been sold to an actual purchaser, or when an individual had acquired the interest of the state by an assignment certificate. Attention was called to these decisions in State v. Camp in the following language: "If the executive officers of the state would follow the decision in the Berglund case, the interests of the state would be fully protected and no injuries follow, except, perhaps, such as might arise and result from defective tax judgments or sales, a condition not to be presumed." Presumably the legislature, at the extra session of 1902, took note of the decision in State v. Camp, and provided that, in making up the delinquent tax list, exception should be made of such pieces or parcels of land as had theretofore been bid in by the state and not assigned or redeemed. Section 3, c. 2, p. 2, Laws 1902 (Ex. Sess.). This provision was adopted in R. L. 1905, § 905. By this legislation an effort was made to simplify the process of enforcing the payment of taxes, and we have discovered no reason for changing the rule applied in State v. Camp. On the contrary, we think the decision is within statutory limitations, correct in principle, and should be adhered to.

For the sake of clearness, let it be understood that this is not a refundment case, and should be distinguished from State v. Kipp, 80 Minn. 119, 82 N. W. 1114; Allen v. County of Ramsey, 98 Minn. 341, 108 N. W. 301; and Oakland Cemetery Assn. v. County of Ramsey, 98 Minn. 404, 108 N. W. 857, recently filed.

Judgment and order affirmed.