MINNESOTA DEBENTURE COMPANY v. UNITED REAL ESTATE
CORPORATION.[1]

November 2, 1906.

Nos. 14,735—(35).

**Taxes—Void Tax Sale—Lien of State.**

Where a prior tax sale has been adjudged void, the lien of the state for such taxes, interest, penalties, and costs, becomes revived, but does not accrue and become delinquent, within the provisions of the second subdivision of section 1602, G. S. 1894, until the state has taken steps to enforce its lien by including the same in the taxes of the current year, or as provided by law.

**Expiration of Redemption—Notice.**

When the purchaser at a tax sale, or an assignee of a state tax certificate, takes steps to perfect his title thereunder, he is not required to insert in the notice of expiration of redemption the amount of the state's lien arising from such prior void tax sale.

Appeal by defendant from an order of the district court for Hennepin county, Dickinson, J., denying its motion to vacate the findings and decision and to grant a new trial. Affirmed.

[1]Reported in 109 N. W. 251.

*Savage & Purdy,* for appellant.
*Tryon & Booth,* for respondent.

LEWIS, J.

Action to determine adverse claims, and respondent's title depends upon the validity of a certain notice of expiration of time for redemption in certain tax proceedings. The premises in question were sold at the regular tax sale in May, 1900, for the unpaid delinquent taxes of 1898, were bid in by the state under a tax judgment, duly rendered, and on May 11, 1900, the state assigned its certificates of sale to respondent, and the county auditor issued notices of the expiration of the time for redemption on December 16, 1904. The amount stated in the notice of redemption did not include the amount of taxes for prior years of 1894, 1895, 1896, and 1897; and, for this reason, it is claimed to be invalid. The record shows that the taxes for 1894 were regularly assessed, became delinquent, were put in judgment, and the property sold to the Minneapolis Trust Company at the tax sale of 1896; that thereafter the taxes of 1895, 1896, and 1897, became delinquent, and were paid by the Minneapolis Trust Company; that respondent in 1890 purchased of the trust company all of its rights under its tax certificate. The judgment under which the sale of 1896 was based was afterwards declared void, and the money for four years' taxes was refunded December 18, 1901, pursuant to the provisions of section 1610, G. S. 1894. Thus it appears that the refundment took place nearly three years prior to the time of the issuance of the notice of expiration of redemption, and that, during such time, no steps were taken to enforce the taxes so refunded against the premises.

The language of the second subdivision of section 1602 was used advisedly, and the question is: Were the taxes refunded December 18, 1901, delinquent after the date of the assignment of the certificate, December 16, 1904? The nature of the state's lien with respect to subsequent tax sales was considered in State v. Kipp, 80 Minn. 119, 82 N. W. 1114, but it was simply held that the right of the state to enforce collection of a prior tax, when refundment had been made on account of a void sale, was prior to the rights of a purchaser at a subsequent sale, and of an assignee from the state. In State v. Kipp, 70 Minn. 286, 73 N. W. 164, the court had under consideration section

1610, and it was held that the statute of limitations did not commence to run against the state prior to the entry of judgment declaring the tax sale void, no refundment having been made. In Allen v. County of Ramsey, 98 Minn. 341, 108 N. W. 301, the court passed upon the question whether it was mandatory to insert the refunded taxes in the current list, and it was held that the statute of limitations began to run from the time of the refundment. But the particular question now presented has never been directly before us.

It is apparent that upon the entry of judgment declaring the tax sale void, or upon refundment of the taxes, where refundment is made, the state is at liberty to again proceed to enforce the collection of such taxes, and the lien of the state for such taxes is reinstated as of that date. Such being the case, it is a reasonable inference that at that time such taxes accrued and became delinquent. However, the intention may have been to declare that the amount of taxes, as originally extended, together with interest, penalties, and costs, shall constitute a new lien not to be considered accrued or delinquent taxes until the state takes steps to enforce them by including the same in the taxes of the current year. It is certainly desirable that tax sales shall be deemed valid until their invalidity is brought directly to the attention of purchasers and assignees, and that such parties should not be compelled to continually examine the records to find out whether prior tax sales have been adjudged void. Persons who have invested their money at subsequent tax sales should be permitted to assume that all prior tax judgments are valid until such taxes are included by the state in a subsequent tax list. Such being the reasons for such an enactment, and the state being at liberty to enforce its lien at any time within six years from the entry of judgment, or from the date of refundment, it is reasonable to assume that the legislature had that object in view. We are inclined to accept this view of the matter, think such intention fairly within the statutory language, and hold accordingly that the state having made no move to assert or enforce its lien for the refunded taxes at the time respondent received its assignment from the state, such taxes had not accrued and become delinquent within the meaning of the second subdivision of section 1602, and hence it was unnecessary to include them in the notice of expiration of redemption.

Order affirmed.