## BERT W. FORBES v. JOHN STREAM and Others.[1]

May 17, 1912.

Nos. 17,534—(96).

**Taxes — unassigned and unredeemed land bid in by the state.**
    Where land has been bid in for the state upon a delinquent tax judgment sale, such land, as long as it has not been assigned by the state or redeemed, is not to be placed on the delinquent tax list for judgment and sale for subsequent delinquent taxes; and the presumption is that the officials followed the law in this regard till the contrary clearly appears.

**Redemption from sale.**
    The evidence examined, and *held* to sustain the findings of the trial court that the amounts required to redeem from a tax sale were correctly stated in the notice of redemption.

Action in the district court for St. Louis county to determine adverse claims to certain vacant land. The answer admitted that at the commencement of the action the land was vacant and unoccupied; denied that plaintiff was the owner thereof, but alleged that on April 8, 1905, John Stream died intestate; that on October 5, 1909, in proceedings then pending in the probate court of St. Louis county defendant Ellefsen was appointed administrator of the es-

[1] Reported in 136 N. W. 304.

tate, that defendants Winters, Naomi X. Stream and Esther S. Stream were the only heirs at law of John Stream, and that each was entitled to an undivided one-third interest in the land. The reply was a general denial. The case was tried before Dancer, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From the judgment so entered, Signa L. Stream Winters, Naomi X. Stream and Esther S. Stream appealed. Affirmed.

*W. G. Bonham*, for appellants.

*John A. Keyes*, for respondent.

HOLT, J.

The action is brought against defendants to determine adverse claims to an undivided one-half interest and estate in forty acres of land in St. Louis county. Plaintiff had judgment and defendants appealed.

The title of plaintiff is derived through a sale of the land for taxes. If this title is not good, the defendant heirs of John Stream are the owners. At a sale held May 13, 1907, pursuant to a real estate tax judgment entered March 21, 1907, in proceedings to enforce payment of taxes delinquent for the year 1905 in St. Louis county, the land in controversy was bid in for the state for $1.63. On July 2, 1909, the county auditor duly issued and delivered a state assignment certificate thereof to plaintiff's assignor upon the payment of $5.84, therein stated to be the amount for which the land was bid in at the sale, and all subsequent delinquent taxes, penalties, and costs. On May 16, 1910, the assignor paid $2.60 for the delinquent taxes, penalties, and costs for the year 1908. May 18, 1910, the county auditor issued the sixty day notice required by law to eliminate the right of redemption. The notice was served by publication, the land being unoccupied. The notice stated that the amount required to redeem, exclusive of costs to accrue upon the notice, was $5.84 and interest at twelve per cent from June 2, 1909, and $2.60 and interest at twelve per cent from May 16, 1910. The only objection raised to the validity of plaintiff's title is that the amount for which the state assigned the certificate of sale was

eighteen cents less than it should have been, and the amount paid for the 1908 year's taxes, penalties, and costs should have been $2.73, instead of $2.60. Plaintiff claims the amounts paid were strictly accurate.

That plaintiff's assignor paid the proper amount for the certificate of assignment, we think, is without doubt true. To prove that it was not so, defendants offered in evidence a judgment, dated March 18, 1908, for the 1906 tax, amounting to $1.78. This included thirty cents for clerk's fees for advertising. Plaintiff claims that this judgment relates to the undivided half owned by the Vail Realty Company, and we think this contention must be upheld.

When the law (section 1579, G. S. 1894) provided that a list, which "shall contain a description of each piece or parcel of land on which such taxes shall be so delinquent," should be filed in the office of the clerk of the district court to serve as a complaint in the tax proceeding, it was held in Berglund v. Graves, 72 Minn. 148, 75 N. W. 118, that after the state has once bid in the property at a tax sale it is not obliged to obtain a tax judgment and sell for the delinquent taxes for each subsequent year; but, on the other hand, the state might, if so disposed, proceed to judgment and sell, as held in Countryman v. Wasson, 78 Minn. 244, 80 N. W. 973, 81 N. W. 213.

The difficulties encountered in the enforcement of tax proceedings, where a choice of two courses was thus left to the state, appear in State v. Camp, 79 Minn. 343, 82 N. W. 645, decided in 1900. Evidently, as a remedy, the legislature in the extra session of 1902, by section 3 of chapter 2 of the laws of that session, provided that from the list of lands against which were delinquent taxes filed with the clerk should be excepted the description of such pieces or tracts of land as "shall have theretofore been bid in by the state and not assigned by it or redeemed," etc. This provision is retained in R. L. 1905, § 905.

The presumption is that public servants perform their duties in the manner prescribed by law. The law directed the officials to omit from the delinquent tax list serving as the basis for a tax judg-

ment for the year 1908 the undivided half here in controversy. On the assumption that this was done, we take the amount for which the land was bid in by the state, the delinquent taxes for 1906 and 1907, the penalties thereon and the interest on these several sums, and the total is $5.84, the amount paid by the purchaser for the state certificate of assignment. By the introduction in evidence of the judgment entered March 18, 1908, for failure to pay the tax upon an undivided half of the forty acre tract, defendants claim to have proven that the clerk's fees of thirty cents for advertising should have been added. We are unable to say this is true, in view of the statute above quoted, which required the official to omit the undivided half bid in by the state at the prior sale and not assigned or redeemed from the tax lists.

The inference is warranted that the judgment related to the undivided half owned by the Vail Realty Company, notwithstanding the admission that it had at all times paid the taxes on its undivided one-half. Taxes may be paid as well after judgment and sale as before. The return is not such that we can say that the trial court erred when concluding that the true amount required to obtain the state assignment was $5.84, the amount stated in the notice, because, where two parties own an undivided half each of a tract of land, the proceedings relating to assessment and enforcement of the taxes should be fully shown as to the whole tract; otherwise, uncertainty results.

Nor do we think the appellant has shown that the amount paid for taxes delinquent subsequent to the assignment is incorrect. It was necessary for plaintiff to prove payment of such, if any there were, at the time the notice for redemption was issued. He did so by offering a receipt showing $2.60 paid by plaintiff's assignor on May 16, 1910. The auditor certified that this amount was in full for the redemption of the undivided one-half of the land from taxes, costs, interest and penalty for 1908 year's tax, and is in this form:

STATEMENT OF TAXES DELINQUENT OR SOLD TO STATE

Auditor's Office, St. Louis County, Minn. May 16th, 1910

*Receipt No. 16,973*
*Collect      2 60*
*Amt. of Remit 2 60*

I hereby certify that there is now due the sum of Two 60-100 Dollars, in full for the redemption of the following described property from taxes, costs, interest and penalty for the years below stated.

Paid as subsequent Tax Judgment of 1907.
—J. J.

| City Village or Town | Sch. Dist. No. | APPORTIONMENT ONLY | | | | | DESCRIP-TION | Sec. or Lot | Town or Block | Range | Year | Amt. Tax or Judgt. | Cost, Penalty or Interest | Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Year | Assmt. Roll No. | Amts. | Totals | | | | | | | | | |
| Morse | 12 | 1908 C & A P & I | | 2 12 30 18 | 2 60 | Und ¾ of NE of NW | 25 | 63 | 12 | 1908 | 2 12 2 59 | .01 | 2 60 |

Received Payment in full of George Brousseau.

W. A. HOLGATE,                    O. HALDEN, County Auditor.

County Treasurer.

[On Back]                                          May 16, 1910
MAY APPORTIONMENT
Treasurer's Settlement,
    May 16, 1910.

The only doubt cast upon the correctness of the auditor's certificate that $2.60 is the correct amount arises from the abbreviations and figures found under that part of the receipt denominated "Apportionment Only," viz: "C & A 30" "P & I 18."

By section 887, R. L. 1905, as amended by chapter 239 of Laws of 1905 [R. L. Supp. 1909, § 887—1], the auditor is required to apportion the penalties, costs, and interest received upon collection of real estate taxes between the county revenue fund and the school districts. Whether the money received is correctly distributed has, of course, no bearing on the redemption made or the amount thereof. But it is argued that the apportionment indicates that eighteen cents distributed for "P & I," which is claimed to stand for "Penalties and Interest," is too small, on the assumption that the tax was $2.12, that, therefore, the fifteen per cent penalty, amounting to thirty-two cents, was not paid, except eighteen cents thereof.

It is unfortunate that the return does not contain the judgment for the 1908 tax, which was undoubtedly entered when plaintiff paid the $2.60, as this would have settled beyond dispute what the correct amount was. Defendants, however, introduced evidence showing that the forty acres were assessed as a whole; the undivided interests not being kept separate. Assuming, then, that the tax was $4.24, the penalty would be sixty-four cents, the clerk's fees thirty cents, making a total of $5.18, an undivided one-half of which is $2.59, and interest, which is computed at one cent, would make $2.60, the amount paid and certified to be correct by the auditor. The so-called apportionment on the receipt is not such that the apparently incorrect figures thereon and abbreviations, unexplained, should overthrow the certificate that $2.60 was the true amount, especially since it can be demonstrated that this amount is correct, if the whole, and not the undivided half, went to judgment. We are not prepared to say that the trial court was not warranted, upon the evidence submitted, in finding that the true amount required to redeem the plaintiff's undivided half of the land from the tax of 1908 was $2.60.

The result is that the judgment is affirmed.