ARA D. SPRAGUE *vs.* E. K. ROVERUD,

February 3, 1886.

Redemption from Tax Sale—Subsequent Taxes paid by Purchaser.—
The authority of a purchaser of land at a tax sale to tack subsequent taxes,
voluntarily paid by him, to the amount of his claim against the land,
must be derived from and regulated by the statute conferring such right.
Gen. St. 1878, *c.* 11, § 90, permits the purchaser to tack to the amount of
his claim against the land such subsequent taxes only as have become
delinquent when paid by him. And sections 88 and 98 must be con-
strued with, and are limited by, the provisions of section 90.

Plaintiff brought this action in justice's court in Houston county, al-
leging in his complaint that at the delinquent tax sale in September,
1882, for taxes of 1881, the defendant, as county auditor, sold cer-
tain described premises to one Arndt, who made the required pay-
ment and received the proper certificate; that the taxes levied on the
land for 1882 amounted to $19.45, and became due December 1,
1882, and were paid by Arndt February 16, 1883; that Arndt, on
May 1, 1883, assigned his certificate to plaintiff; that on September
3, 1883, the land-owner applied to defendant, as auditor, to redeem
the land, and the defendant allowed the redemption, and gave a
certificate thereof, without requiring payment of the sum of $19.45
which had been paid by Arndt for the taxes of 1882. Judgment
is demanded for $19.45, with interest from June 1, 1883, (the date
when unpaid taxes for 1882 became delinquent.)

The answer admits the facts pleaded, and alleges that defendant
was required to include in his certificate of redemption such taxes
only as were delinquent at the time they were paid; that the com-
plaint shows that the amount claimed is for taxes paid by Arndt be-
fore they became delinquent, and, as such taxes never became delin-
quent, it was not defendant's duty to include them in the amount
necessary to be paid on redemption.

A demurrer to the answer was overruled, and judgment rendered
for defendant. The plaintiff appealed, on questions of law only, to
the district court, where the appeal was heard by *Farmer,* J., on the

pleadings in the justice's court, and an order was made overruling the demurrer, from which order this appeal is taken.

*P. J. & E. H. Smalley,* for appellant.

*D. A. Buell,* for respondent.

VANDERBURGH, J.   The plaintiff's assignor purchased certain lands lying in the county of Houston at the general tax sale for the delinquent taxes of 1881, held in September, 1882, and thereupon received the ordinary certificate of sale from the county auditor.   Afterwards, in February, 1883, while the holder of such certificate, he also paid the current taxes for the year 1882, upon the lands so purchased, to the treasurer of the county, and received his receipt therefor.   In September, 1883, the owner of the land applied to the auditor to redeem the same from the tax sale, and, in the statement of the amount required to be paid to effect such redemption, the subsequent taxes so voluntarily paid by such tax purchaser were not included, but the redemption was allowed upon the payment of the purchase-money, and interest thereon.   This action is brought against the auditor, under Gen. St. 1878, *c.* 11, § 90, to recover the alleged deficiency,—that is, the additional taxes paid by the tax purchaser,—on the ground that it was a breach of his duty to omit the same from his certificate or statement of the amount required to be paid by the redemptioner.

The statute originally required the redemptioner to pay the amount "paid by the purchaser, with interest, and, if he shall have paid any taxes, penalties, or interest accruing subsequent to the sale, the amount so paid by him with interest," etc.   Laws 1874, *c.* 1, § 130, subd. 3. By the subsequent amendment, the word "delinquent" was inserted before "taxes" in this subdivision of the section, and the statute has since so remained.   Gen. St. 1878, *c.* 11, § 90.   The authority to pay and tack subsequent taxes to the amount paid by the tax purchaser must be derived from the statute.   Cooley on Taxation, (2nd Ed.) 542.   It is clear that the purpose of the amendment referred to was to limit the right of the purchaser to tack to the amount of his claim against the land such subsequent taxes only as have become delinquent when paid by him.   It was undoubtedly intended to protect the land-owner in his right to pay his taxes at any time before they become delinquent, without additional cost, and without the em-

barrassment of redeeming from a previous sale, and, *vice versa,* to redeem from the sale without paying such taxes.

Laws 1874, *c.* 1, § 128, were also amended by inserting after the word "payment" (of taxes levied subsequent to a tax sale upon lands sold) the words "after they shall have become delinquent." It must be admitted that this section, as thus amended, is by itself ambiguous; but the section, as amended, (Gen. St. 1878, *c.* 11, § 88,) must be read with subdivision 3, section 90, and the only reasonable interpretation of the purpose and meaning of these amendments must, we think, be as above stated. So, also, section 98 must be construed with and limited by section 90, as it now stands. This latter section points out, in plain terms, the duty of the auditor upon applications to redeem lands sold for taxes. The construction adopted by the defendant is the one most natural and reasonable, and in conformity, we have no doubt, with that which has generally been adopted in practice under the statute since the amendment. We think it is the correct one.

Order affirmed.