HENRY J. JENSWOLD v. MINNESOTA CANAL COMPANY and Others.[1]

December 2, 1904.

Nos. 14,107—(85).

**Redemption from Tax Sale.**

The expression "delinquent taxes," as used in subdivision 3, § 1602. G. S. 1894, relating to the amount required to redeem from tax sales, construed, and held to mean all taxes that are overdue and unpaid in fact.

**Delinquent Taxes.**

Delinquent taxes do not lose their identity as such, within the meaning of that statute, from the fact that the land against which they are assessed was regularly sold at a tax sale, and, for want of a purchaser, bid in for the state.

**Same.**

They remain delinquent until actually paid to the county treasurer either by the landowner, the purchaser at a tax sale, or by an assignee of the state.

**Notice of Expiration of Time to Redeem.**

A notice of expiration of redemption which fails to include in the statement of the amount required to redeem the amount for which the land was thus bid in for the state is fatally defective.

Action in the district court for Carlton county to determine the adverse claims of defendants to vacant and unoccupied land. Defendant Jacob R. Meyers alone appeared and answered. The case was tried before Dibell, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*John Jenswold, Jr.,* for appellant.

*H. S. Lord,* for respondents.

BROWN, J.

Action to determine adverse claims to certain real property, in which defendants had judgment, and plaintiff appealed.

The short facts are as follows: On March 22, 1897, a tax judgment was duly entered against the land in question for the taxes of 1895.

[1] Reported in 101 N. W. 603.

On May 3, 1897, at the tax sale for that year, the same was, for want of a purchaser, bid in for the state; and on August 25, 1899, the state assigned its right to plaintiff. At the time the assignment was made, plaintiff paid the taxes for the years 1896 and 1897, and there is no controversy as to the validity of the proceedings leading up to the assignment to him. The taxes for the year 1898 became delinquent on the first Monday in January, 1900, and judgment was subsequently entered for the taxes of that year, and it remained unpaid and unsatisfied at the time plaintiff gave notice of the expiration of redemption, in June, 1900. In fact the taxes for that year have never been paid to the state. Thereafter, and while the land was so held by the state under the tax sale of that year, plaintiff caused to be issued a notice of expiration of redemption, and the question for decision is the sufficiency of that notice. The notice stated as the amount required to redeem the amount paid by plaintiff for the assignment, and the subsequent taxes paid by him for the years 1896 and 1897, but did not include the taxes for the year 1898, which stood at the time, under the tax sale for that year, in the name of the state.

The question is, does the right which the state acquired at the sale for the taxes of 1898, when it bid in the property in question for the taxes of that year, in default of a purchaser, come within the meaning of "unpaid delinquent taxes," as used in the third subdivision of section 1602, G. S. 1894? That statute, referring to the subject of redemption from tax sale, provides that, if the land sought to be redeemed shall have been sold to a purchaser, the party desiring to make redemption·shall pay the amount paid by such purchaser, with interest, and, if he shall have paid any subsequent taxes, penalties, or costs, the amount so paid by him, with interest from the date of paying the same, "and all unpaid delinquent taxes, interest, costs and penalties accruing subsequent to such sale."

The contention of appellant is that the taxes for the year 1898, by the sale, lost their character of delinquent, within the meaning of the statute, and he was not required, within the purpose and meaning of the statute, to pay the same in order to effect redemption, and therefore that it was unnecessary to include the taxes for that year in the notice of expiration of redemption.

This contention would be sound, undoubtedly, if the land had been sold to an actual purchaser at the sale, for in that case the state would receive its money; and it might be sustained by a literal or strict interpretation of the statute. But to give effect to the object of the law, viz., to secure payment to the state of its revenues, it must be construed to require parties seeking to redeem to pay all prior delinquent taxes not then paid into the treasury, whether they remain upon the records as unpaid, or as having been bid in for the state at a tax sale. So long as they remain unpaid in fact, either by the landowner, the purchaser at a tax sale, or the assignee, where the land is bid in for the state, and its rights are subsequently assigned, they are delinquent, within the meaning of the statute. In the case at bar the taxes for the year 1898 have never been paid; no purchaser came forward at the sale to buy the land; and the state was compelled, for want of a purchaser, to bid in the property. The taxes were as much delinquent after as before the sale. They were overdue and unpaid, and came fairly within the meaning of the statute, for "delinquent," as used therein on this subject, can mean nothing more than overdue and unpaid.

While this question was not directly presented in the case of Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, the general tenor of that opinion is against appellant's contention, and fairly in point, to the effect that, notwithstanding the fact that the land stood upon the records in the auditor's office as bid in for the state for the taxes of 1898, the amount thereof should have been included in the notice of expiration of redemption. See also Roessler v. Romer, 92 Minn. 218, 99 N. W. 800.

This result may not be in strict harmony with some expressions in opinions cited by counsel for appellant, but the precise question here before the court was not involved in any of the cases referred to, and what was said in those opinions was with reference to facts then before the court.

Judgment affirmed.