EMMA BRODIE v. STATE and Others.[1]

September 27, 1907.

Nos. 15,262—(180).

**Successive Tax Sales—Redemption.**

Where land is sold to a private purchaser at a tax sale, and he again purchases it at a tax sale for subsequent taxes thereon, the landowner, upon redeeming from the first sale, is not bound also to pay the amount which would be necessary to redeem from the later sale. Hence it is not necessary to include such amount in a notice of the expiration of the time for redemption from the first sale.

**Forfeited Tax Sale of 1900.**

A sale of land pursuant to Laws 1899, p. 410, c. 322, does not change the date of the lien of the state for the prior delinquent taxes, where they and the judgments therefor are valid. Oakland Cemetery Association v. County of Ramsey, 98 Minn. 404, distinguished.

Application to the district court for Ramsey county to register title to certain real estate. The matter was heard by Kelly, J., who found that applicant was entitled to findings in her favor on condition that she paid all taxes due to the state. From an order denying a motion for a new trial, applicant appealed. Reversed and remanded.

*James Schoonmaker,* for appellant.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondents.

[1] Reported in 113 N. W. 2.

JAGGARD, J.

Application to the district court of the county of Ramsey to register the title to lot 37, block 4, Lyton's addition to St. Paul. The trial court found that the applicant was the owner of the lot and entitled to have the title registered, subject to the payment of the lien of the state for the taxes, penalties, interest, and costs for the years 1887, 1892, 1893, 1894, 1895, 1896, 1903, and 1904. The applicant appealed from an order denying her motion for a new trial.

She concedes that her title is subject to the lien of the state for the taxes for the year 1903 and subsequent years, and there is here no controversy as to such taxes; but as to the alleged lien of the state for the taxes for each of the years named prior to 1897 she claims that the lien of the state has been divested by a sale of the lot to her assignors upon judgments for subsequent taxes on the lot.

The taxes on the lot for all of the years stated prior to 1897 became delinquent, judgments were entered therefor, and the lot sold on each judgment and bid in by the state. There was no redemption from any of the sales, nor did the state ever assign its claim. None of the taxes for the years named were ever refunded, and on May 17, 1900, the lot was sold and bid in by the state, pursuant to Laws 1899, p. 410, c. 322, entitled "An act to enforce the payment of taxes which became delinquent in and prior to the year one thousand eight hundred and ninety-seven (1897)." No redemption has ever been made from this sale, nor has the state ever assigned its rights under the sale. The lot was also sold on May 5, 1899, pursuant to a judgment for the taxes of 1897, to applicant's assignors. It was again sold to them on May 14, 1902, pursuant to a judgment for the taxes of 1900, and on May 12, 1903, pursuant to a judgment for the taxes of 1901. On June 6, 1904, notice was given of the expiration of the time for redemption from the tax sale of May 5, 1899, and on March 22, 1906, a like notice as to the sale of May 14, 1902, was given. No redemption was made from either of such sales. On July 23, 1905, such assignors sold and assigned all of their interest in and to the lot to the applicant, who, on March 22, 1906, procured from the owner of the patent title, if it had not been extinguished by the tax sale of May 5, 1899, a quitclaim deed of the lot. The deed has not been recorded.

It follows from the foregoing facts that if the notices of the expira-

tion of the time of redemption, or either of them, are valid, the state has no lien on the lot for taxes for the years in question. If the right of redemption has been duly foreclosed, the case would come within the rule announced in State v. Camp, 79 Minn. 343, 82 N. W. 645, to the effect that a valid tax sale of land operates to clear the title thereto of all prior claims or titles, however acquired. The state, however, claims that the notices are void because the amount to be paid on redemption was not correctly stated therein.

As to the first notice, the specific claim is that it failed to include in the amount required to redeem the amount of the certificates issued on the sale of the lot for the taxes for the years 1900 and 1901, respectively; in other words, the claim is that the taxes for 1900 and 1901 were paid by the applicant's assignors by their purchase of the lot at the respective sales, and that the amount so paid should have been included in the notice. The sale in question was made to a private purchaser; that is, a purchaser other than the state. Hence the amount to be paid on a redemption from such sale is prescribed by G. S. 1894, § 1602, subsec. 3, as follows: (1) The amount paid by such purchaser with interest; (2) the amount, paid by him, with interest, of any subsequent delinquent taxes, penalties, costs, or interest, accruing subsequent to the sale; (3) the amount of all unpaid delinquent taxes, interest, costs, and penalties accruing subsequent to such sale. The amount which the landowner must pay in order to redeem must be included in the notice, and no more.

The question, then, to be determined, is whether the owner of land, desiring to redeem from a tax sale to a private purchaser, must pay, not only the items designated in the first and second subdivision, but also, by virtue of the second subdivision, the amount which would be required to redeem from a subsequent tax sale to the same purchaser. If he must pay this last-named amount, then he is deprived of his absolute right to redeem from the second sale at any time within three years from its date, given him by the statute (G. S. 1894, § 1602) and, further, whether he may have the full three years in which to redeem from the second sale, or whether the time shall be shortened, depends upon the action of the purchaser in giving notice of the expiration of the time of redemption on the first sale. Any construction of the statute which would enable a purchaser to shorten the time of redemp-

tion from the second sale by tacking it to the first one, by giving the notice on the first sale, would be an abridgment of the landowner's statutory right of redemption, and prove a serious burden and injustice in many ways. For example, the second sale might be void, or the landowner might have the money to redeem from the first sale, but not enough to redeem from both at the same time. The statute ought not to be so construed, unless its plain and specific language leaves no other alternative.

We are of the opinion that the language of this statute does not require the construction contended for by the state, and, further, that such a construction would be contrary to its letter and spirit. The purchaser of land at a tax sale may protect his interest against subsequent taxes in two ways: He may pay them after they become delinquent, and not before, and tack the amount paid to his tax sale, or he may let the land go to sale for subsequent taxes and purchase it at the sale. The provision of the statute which limits his right to pay subsequent taxes to those which are delinquent was intended "to protect the landowner in his right to pay his taxes at any time before they become delinquent, without additional cost, and without the embarrassment of redeeming from a previous sale, and, vice versa, to redeem from the sale without paying such taxes." Sprague v. Roverud, 34 Minn. 475, 26 N. W. 603. Such being the manifest intention of the statute, it would be a strained and unreasonable construction to hold that the owner of a tax certificate might omit to pay subsequent delinquent taxes, let the land be sold for such taxes, with accrued charges, purchase it at such sale, and, by giving notice of the expiration of the time of redemption on his first sale, compel a redemption from the second sale before the expiration of the time allowed therefor by law. It is clear, and we so hold, that if a private purchaser at a tax sale wishes to tack to it subsequent delinquent taxes, he must pay them in the usual way of paying such taxes; that is, before the land is sold therefor. Therefore the purchase of the land at a subsequent tax sale by such private purchaser is not a payment of the delinquent taxes within the meaning of the statute, and the landowner, in redeeming from the first sale, cannot be required to pay the amount due on the second tax certificate.

The case of Jenswold v. Minnesota Canal Co., 93 Minn. 382, 101

N. W. 603, is in harmony with this conclusion. There was no private purchaser in that case who came forward at the sale to buy the land, and the state was compelled for want of a purchaser to bid in the property, and it was rightly held that the taxes remained delinquent and unpaid, because the state had never received payment of the taxes. Where, however, the land is sold at a tax sale to a private purchaser, the state receives its taxes, and they are no longer delinquent within the meaning of the statute. Jenswold v. Minnesota Canal Co., supra.

Counsel for the state urges that the construction which we give to the statute does not give effect to all of the words, "subsequent delinquent taxes, penalties, costs or interest," found therein, for the reason that under no condition can costs be paid except after judgment; the usual and ordinary way of paying the judgment being by a certificate of sale or assignment. It is to be noted that the words of the statute are in the alternative, not in the conjunctive, and that they provide in effect that if the certificate holder shall have paid any delinquent taxes, whether penalties, costs, and interest, or any of them, are or are not included, then the amount so paid must be paid by the owner in redeeming; hence it must be included in the notice. Thus if a party holds a tax certificate of sale, and the land is bid in by the state for subsequent taxes, he may pay them and if he does he must pay interest. Berglund v. Graves, 72 Minn. 148, 75 N. W. 118. Again, if he desires to pay subsequent delinquent taxes after proceedings have been instituted to enforce their collection, and either before the entry of judgment or after judgment and before sale, he must also pay the accrued penalties and costs. G. S. 1894, § 1590. The construction we have given to the statute gives effect to all the words thereof. It follows that the notice of the time of the expiration of redemption from the sale of May 5, 1899, was valid.

The objection to the second notice is that it did not include the amount of the taxes on the lot for 1901, for which it was sold to the applicant's assignors on May 12, 1903. The objection, in principle, is the same as the one we have considered in connection with the first notice, and it is without merit.

The further objection is made to the second notice that the applicant was the owner of the lot at the time the second notice was given; hence she could not perfect a tax title thereon and defeat

the pre-existing liens of the state for taxes. The first notice of the expiration of the time for redemption being valid, as we hold, it follows that it is unnecessary to discuss or decide the question of the effect of the applicant's ownership of the lot at the time the second notice was given. See G. S. 1894, § 1599; Branham v. Bezanson, 33 Minn. 49, 21 N. W. 861; Winston v. Johnson, 42 Minn. 398, 404, 45 N. W. 958; and Washington L. & T. Co. v. McKenzie, 64 Minn. 273, 275, 66 N. W. 976. Her assignors were not the owners of the lot when the first notice was given, but on the expiration of the time for redemption from the first sale on May 5, 1899, they became the owners of the lot, and the applicant has succeeded to their title to the lot. The contested liens of the state are for taxes prior to the year 1897, which were extinguished by the applicant's tax title based on the subsequent taxes for the year 1897. State v. Camp, 79 Minn. 343, 82 N. W. 645.

The state, however, contends that this conclusion in no event can apply to any of the state's liens, except the taxes of 1896, which were not included in the forfeited sale, because the lot was resold at the forfeited sale of May 17, 1900, for all taxes delinquent in 1897 or prior years, and that the lien of the state for such taxes dates from the day of such sale. Counsel cites in support of this claim the case of Oakland Cemetery Association v. County of Ramsey, 98 Minn. 404, 108 N. W. 857, 109 N. W. 237. The facts of the case at bar do not bring it within the rule announced in the case cited, for the reason it does not appear from the record herein, as it did in the case cited, that the taxes, or the judgments therefor, for which the lot was sold May 17, 1900, were invalid or that any refundment of them had been made. On the contrary, the answer of the state expressly alleged, and the reply admitted the allegation, that the taxes for the years named were duly levied and judgments therefor duly rendered. Such being the admissions of the pleadings, the offer of the state to show that the judgments for the taxes of 1892 and 1894 "in fact and law were void, but have never been declared so by the court," was immaterial. The act under which the forfeited sale of 1900 was made provided for a sale for all taxes which became delinquent in 1897 or prior years, whether the sale or forfeiture to the state was valid or not. Where, as in this case, land was sold, under the act of 1899, upon which the taxes, and judgment therefor, were valid, the sale by the state in no

manner changed the date of its lien for the taxes; for it could not by a resale of the land transfer its lien to a later date, and thereby confiscate the rights of a prior purchaser at a sale for subsequent taxes. The lien of the state for taxes on the lot in question prior to the year 1897 having been extinguished by the tax sale of 1899, through which the appellant claims title, it follows that, upon paying the taxes on the lot for 1903 and subsequent years, she will be entitled to register her title.

Order reversed, and cause remanded, with direction to proceed in accordance with such conclusion.