# STATE EX REL. E. N. REMER v. THOMAS ERSKINE AND ANOTHER.[1]

November 1, 1929.

No. 27,765.

[1] Reported in 227 N. W. 209.

Alfred L. Thwing, for appellant.

W. B. Taylor, County Attorney, and G. A. Youngquist, Attorney General, and William K. Montague, Assistant Attorney General, of counsel, for respondents.

DIBELL, J.

Mandamus to the auditor and treasurer of Itasca county. The writ assumes to state five causes of action. There was judgment quashing the writ, from which the relator appeals.

There is involved the construction of L. 1929, p. 595, c. 415, § 4, approved April 27, 1929, which amended L. 1929, p. 117, c. 117, § 1, approved March 30, 1929, so as to read as follows:

"Sec. 4. Section 1 of Chapter 117, Session Laws 1929, is hereby amended so as to read as follows:

"Sec. 1. The County Auditor and Treasurer of each county in this state are hereby authorized and directed to certify and accept, in part or in full payment and discharge of all real estate taxes and assessments of every kind on any parcel of land which became delinquent prior to the year 1928 and which are held by the state, an amount equal to such taxes and assessments as originally assessed and taxed, without penalty or interest at any time before January 1st, 1930, but no such part payment shall be accepted for less than one year's taxes at any one time; nor shall payment of the amount

of a judgment for delinquent taxes, nor of the amount for which a parcel was bid in for the state pursuant thereto, be accepted unless all subsequent delinquent taxes for 1925 and prior years on the parcel are also paid; and, if all prior delinquent taxes and assessments held by the state have been paid or discharged, they may within such period accept in payment and discharge of taxes and assessments for 1926, 1927 and 1928 the amounts thereof as originally assessed and taxed, without penalty or interest; provided, further, the authority granted to the County Auditor and Treasurer by this act to waive penalties and interest shall not exist before July 1, 1929, and, if before that date the County Board as to general taxes or ditch or road liens, or the governing body of the town or municipality interested, as to other special assessments, shall have adopted a resolution, and filed a certified copy thereof with the County Auditor, fixing a minimum amount of such accrued interest and penalties which shall be accepted, the terms of such resolution shall control with respect thereto."

Prior to July 1, 1929, the county board of Itasca county adopted a resolution requiring the payment of interest and penalties on the 1928 taxes, and it was duly certified as required by § 4. The relator does not ask relief as to the 1928 taxes.

The provision of § 4 particularly involved is as follows:

"and, if all prior delinquent taxes and assessments held by the state have been paid or discharged, they may within such period accept in payment and discharge of taxes and assessments for 1926, 1927 and 1928 the amounts thereof as originally assessed and taxed, without penalty or interest;".

The statute has in mind the securing of the payment of the taxes for 1926, 1927 and 1928; and it provides that if all prior delinquent taxes and assessments held by the state have been paid or discharged the county auditor and treasurer, prior to January 1, 1930, may accept payment of the taxes and assessments for 1926, 1927 and 1928 without interest or penalties.

The statute throughout refers to situations where delinquent taxes for years prior to 1926 at the date of its enactment are held by the

state; not to situations where there are none, or where, there being such, they are held in some form by others. This is the key to the construction of the statute. It does not intend to allow payments for 1926, 1927 and 1928 unless the state holds delinquent taxes for prior years; and in the case before us the resolution of the county board limits the deduction of interest and penalties to the years 1926 and 1927.

We take no considerable time in reviewing the arguments of counsel. It is urged that it is unjust to the prompt taxpayer that the delinquent be favored by being permitted to pay the 1926, 1927 and 1928 taxes without interest and penalties. There is an inequality. It is probably fair to assume that the lands subject to delinquent taxes largely are unproductive lands, or at least that they do not produce money for the payment of taxes so readily as lands which are not subject to delinquent taxes. To some extent those who pay promptly will gain by the putting of the delinquent tax lands on a paying basis. The injustice to them may not be so great as is imagined. But in any event it was the purpose of the legislature to get payment of the 1926, 1927 and 1928 taxes, and how they should effect the result was a matter for them. And there was a sufficient reason why the favor should be extended, since it came. from the state, only when there were taxes delinquent at the time of the enactment of the statute and held by the state.

The first cause of action presents this state of facts:

The relator owns land upon which all taxes prior to those for 1926 were paid before January 1, 1929. Taxes for 1926, 1927, and 1928 are unpaid and are held by the state. He asks by the writ to pay for these three years without interest or penalties for 1926 and 1927.

The relator's situation is not one within the statute. There were no delinquent taxes for years prior to 1926 unpaid or undischarged at the time of the passage of the act. He is not entitled to pay the 1926 and 1927 taxes without penalty or interest. The writ was rightly quashed as to this cause of action.

■ The second cause of action presents this state of facts:

The relator owns land upon which there are no delinquent taxes prior to 1927 held by the state. The relator asks to pay the 1927 and 1928 taxes without penalty or interest on the 1927 tax. In November, 1927, an actual purchaser acquired a tax title for taxes prior to 1926, from which no redemption has been made and the time to redeem has not expired. These taxes were not delinquent taxes held by the state. See Jenswold v. Minnesota, Canal Co. 93 Minn. 382, 101 N. W. 603. The relator is not within the statute and is not entitled to relief. The writ was rightly quashed as to this cause of action.

■ The third cause of action presents these facts:

On August 14, 1929, the relator acquired a tax certificate by direct purchase pursuant to L. 1929, p. 595, c. 415, § 2, for taxes for the years 1919 to 1925. He asks to be permitted to pay the taxes for 1926 and 1927 without interest or penalty and to have the fact of his payment entered on the auditor's tax judgment book for 1919 pursuant to G. S. 1923, § 2136, as amended, 1 Mason, 1927, id. At the time of the passage of c. 415 there were unpaid delinquent taxes for years prior to 1926 held by the state. The existence of these delinquent taxes held by the state at the time of the passage of the act is the test of the privilege of paying the 1926, 1927 and 1928 taxes without interest or penalties. A fair construction gives the relator the right under the facts stated. The writ should not have been quashed as to this cause of action.

■ The fourth cause of action presents these facts:

The relator owns land on which all delinquent taxes prior to 1926 have been paid. He asks a state assignment certificate pursuant to G. S. 1923 (1 Mason, 1927) § 2137, by paying the 1926 and 1927 taxes without interest or penalty. The statute refers to the payment of taxes without interest or penalty but not to the purchase of a tax certificate without interest and penalties included. The relator is not entitled to relief, and the writ was properly quashed as to this cause of action.

■ The fifth cause of action presents these facts:

On August 14, 1929, the relator acquired a tax certificate pursu-

ant to L. 1929, p. 595, c. 415, § 2, for taxes for 1925 and prior years, and no other delinquent taxes prior to 1926 are unpaid. He asks for the issuance of a notice of expiration of redemption from his tax certificate pursuant to G. S. 1923 (1 Mason, 1927) § 2163, in which interest and penalties on the taxes for 1926 and 1927 will be omitted. The notice is to be served forthwith so that the time to redeem will expire before January 1, 1930.

The statute does not contemplate that one in the position of the relator shall have a notice of expiration of redemption period in which the amount necessary to redeem shall omit interest and penalties on the 1926 and 1927 taxes. He is not entitled to the relief which he asks, and the writ was properly quashed as to this cause of action. Our decision is limited to the precise facts presented.

The judgment is modified by reversing as to the third cause of action. It stands affirmed as to the others.

Judgment modified.

