Argued April 1; affirmed July 1, 1930

## PORTLAND TERMINAL INV. CO *v.* PORTER INDUSTRIAL CO.

(289 P. 1048)

*Fletcher Rockwood* of Portland (Charles E. McCulloch and Carey & Kerr, all of Portland, on the brief) for appellant.

*F. J. Betz* of Portland (A. C. Spencer and Roy F. Shields, both of Portland, on the brief) for respondent.

■ ROSSMAN, J. It will be observed that the contract provided "when the investment company shall become entitled to receive delivery of said deed last above described there shall be no delinquent taxes against the lands described in said deed." The instrument, just mentioned, which the parties prepared simultaneously with the execution of the contract and made a part of the latter, covenanted "that the above granted premises are free from all incumbrances." When the deed containing this warranty was delivered to the plaintiff an unpaid tax of $811.44 remained charged against this property.

Or. L., § 4323, provides: "The first half of all taxes legally levied and charged shall be paid on or before the 5th day of April, next following, and the second half on or before the 5th day of October next following, * * * all taxes not paid on or before

said 5th day of October shall become delinquent." Section 4325 declares: "The taxes assessed upon real property shall be a lien thereon from and including the first day of March in the year in which they are levied until the same are paid, but as between a grantor and a grantee the procedure in regard to the lien shall be as set forth in section 4312." The section of our code applicable to the payment of taxes between grantor and grantee (§ 4313) states: "As between the grantor and grantee of any land, when there is no express agreement as to which shall pay the taxes that may be assessed thereon before the conveyance, if such land is conveyed at the time or prior to the date of the warrant authorizing the collection of such taxes then the grantee shall pay the same, but if conveyed after the date the grantor shall pay them." From the defendant's brief we quote: "We admit, of course, that 1926 taxes were liens on the land in June, 1927." It contends: "Taxes for the year 1926 did not become delinquent until October 6, 1927, and consequently were not delinquent on June 10, 1927."

This action is based upon the covenants of the deed and not upon the stipulations of the contract. The plaintiff urges that the latter merged into the warranties of the deed when that instrument became effective upon delivery. Since the deed covenanted that the title should be free from encumbrances, and since the defendant concedes that in June of 1927 the unpaid tax was a lien upon the premises, the plaintiff submits that its case has been established. In addition it argues that the allegations of the complaint are broad enough to include a recovery upon the contract in the event the court should believe that the latter instrument and not the deed is the document which declares the rights of the parties. It construes the

word "delinquent," contained in the contract, as meaning "due and unpaid." The defendant contends that since the deed was deposited in escrow at the same time that the contract was executed no opportunity was available to the parties to change its recitals, and that accordingly the doctrine of merger should not be employed in this case to subordinate the contract to the deed. It, therefore, insists that the rights of the parties are governed by the contract. It defines "a delinquent tax" as one which remains unpaid October 5.

Since the defendant ardently contends that the stipulations of the contract, and not the covenants of the deed, control the outcome of this action we shall first consider what meaning should be assigned to the words "delinquent taxes." If those words mean taxes which are due and unpaid the judgment of the circuit court must be affirmed. Under the provisions of section 4323 a taxpayer can delay until the 5th day of October the time in which his unpaid taxes "become delinquent"; that is, he can postpone until that day the time when process may be applied by the public officers to enforce payment, because the provisions of our laws, prescribing the methods for the enforcement of payment of taxes, are applicable only to "delinquent" ones. It is very evident that for the purpose of the application of our laws by the tax officials the word "delinquent" means something more than "due and unpaid"; it denotes a tax which has not been discharged October 5. But it does not necessarily follow that this meaning, resulting from the enactments of our legislature, is the one which the parties intended should be applied to the words "delinquent taxes." When the word "delinquent" is used in association with the word "debt," "duty" or "obligation," it

often means due, unpaid or undischarged: *Jenswold v. Minnesota Canal Co.,* 93 Minn. 382 (101 N. W. 603); 18 C. J., Delinquent, p. 475;.Words & Phrases, First Series, Vol. 2, p. 1956. It is thus evident that when the legislature selected the word ''delinquent'' as one to denote the unpaid taxes which are subject to the statutes enacted for the enforcement of payment it did not coin a new word, nor employ an old one in its orthodox sense, but assigned to it, the word ''delinquent,'' an additional meaning. If the provisions of the contract, which provides that when the investment company becomes entitled to receive the deed there should be no delinquent taxes against the property, stood alone, we would probably be compelled to construe ''delinquent taxes'' as meaning taxes which remained unpaid October 5. But the word ''delinquent'' does not stand alone. The deed, which the parties prepared simultaneously with the execution of their contract and made a part of it, provides ''the above granted premises are free from all encumbrances.'' Counsel for the defendant concedes that since the deed was placed in escrow for future delivery it became effective from the time of its receipt by the plaintiff; hence, the quoted words speak from the date of June 10, 1927. Having in mind the language of the parties contained in these two instruments, which must be construed as one unless the contract became merged into the deed upon the delivery of the latter, we find that when the parties covenanted in regard to encumbrances they used not only the words ''delinquent taxes,'' of doubtful import, but also a warranty of clear meaning which required that when the title passed the property should be free from encumbrances. If the stipulation in regard to delinquent taxes permitted the defendant to convey the title subject to the lien of taxes, we have a conflict between

those words and the warranty which prohibited encumbrances; but, if the provision of the contract against delinquent taxes means any tax which has become a lien, there is no conflict between the two undertakings. Or. L., § 715, in harmony with the well established axiom for the construction of writings, declares that when an instrument contains several provisions such construction should, if possible, be adopted which will give effect to all. When applied to this case this rule requires that the provisions against delinquent taxes and against encumbrances should be so construed that both will be effective and not conflict with one another if such a construction is reasonably available. Applying this rule we believe that the language of the parties which covenanted against encumbrances may be resorted to as a means of determining what the parties meant when they stipulated against ''delinquent taxes.'' In other words the covenant may be employed as a dictionary defining the meaning of the word delinquent. When this method is applied the words ''delinquent taxes'' mean taxes, which through nonpayment have become a lien on the property, and the stipulation requires the discharge of all taxes before delivery of the deed. Thus construed, effect is given to all the words of the instruments and there is no inconsistency in the undertakings recited in them. It is our conclusion that the contract placed upon the vendor the same duty pending the delivery of the deed as that instrument exacted of him when it became effective upon delivery.

■ Having thus concluded that ''delinquent'' means ''due and unpaid'' we would possibly be justified in affirming the judgment below without expressing our conclusions upon the contentions in regard to the doctrine of merger. However, since counsel on both sides

have argued the latter issue in a very able manner we shall state our views in regard to it briefly. We are of the opinion that in order to give effect to the manifest intention of the parties we must conclude that after the purchase money had been paid and after the defendant had accepted the deed from the Title & Trust company the latter instrument superseded the contract as the document which recited the rights of the parties in regard to the title of the property. The case of *City of Bend v. Title & Trust* Co., — Or. — (289 P. 1044), applied principles of law analogous to those which have brought us to this conclusion; it cites our earlier decisions analyzing these principles. It is true that when the contract was executed the deed was placed in the possession of a third party beyond the recall of the vendor so that defendant had no opportunity to amend its recitals. We rest our conclusion ·not upon any theory that the parties subsequently altered their agreements, but upon the premise that the deed constituted the discharge by performance of the contract. As previously pointed out it is our opinion that there was no conflict between the two, and hence no need for amendment. The stipulations of the contract were supplementary to the warranty of the deed, intended to make provision for the discharge of taxes until the warranties of the deed became effective by delivery. The former was not intended, in our opinion, to limit the covenants of the instrument of conveyance, but was collateral thereto.

Having arrived at the above conclusions it follows that the judgment of the circuit court must be affirmed.

McBRIDE, J., not sitting.